UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON MORRIS,<br><br>                Petitioner,<br><br>  v.<br><br>CANYON COUNTY and MIDDLETON POLICE DEPARTMENT,<br><br>                Respondents. | Case No. 1:20-cv-00122-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Cameron Morris, a pretrial detainee presently detained in the Canyon County Jail, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Dkt. 3. However, Petitioner is challenging his ongoing state criminal proceedings rather than a criminal judgment of a state court. *Id*. at 1 (stating that Petitioner has not been convicted of any crimes); *see also State v. Morris*, Canyon County Case No. CR14-19-12494, *available at* https://icourt.idaho.gov/ (Idaho iCourt Database). Thus, the Court construes the Petition as one filed pursuant to 28 U.S.C. § 2241.

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Habeas Rule 4.

INITIAL REVIEW ORDER - 1

# REVIEW OF PETITION

1.  **Proper Respondent**

    As an initial matter, Petitioner has not named an appropriate respondent in this case. *See* Habeas Rule 2(a) (stating that the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "state officer who has custody" of the petitioner); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that a petitioner challenging his present physical confinement must name as respondent "the warden of the facility where the prisoner is being held"). Because Petitioner is detained in the Canyon County Jail, he must name the Canyon County Sheriff as the respondent.

2.  **Section 2241 and the Exhaustion Requirement**

    Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

    The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged

constitutional errors at each level of appellate review. *Id*. If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for writ of habeas corpus in federal court. "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden*, 626 F.2d at 83.

This exhaustion rule has a very limited exception with respect to pretrial habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies "only in the most unusual circumstances," where a petitioner can show "special circumstances" that particularly warrant federal intervention. *Id*. at 83-84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id*. Though alleged constitutional violations are of utmost concern to the federal district courts, the state courts must be given the first opportunity to correct constitutional violations, so as

to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and ... may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

The instant Petition, even combined with Petitioner's other supplemental filings, does not establish the type of special circumstances that would warrant pretrial habeas relief. Petitioner may attempt to show such circumstances by filing a supplement to his Petition within 28 days after entry of this Order.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has also requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record, *see* Dkt. 3, 8, and 9, it is unlikely that Petitioner will be able to establish the type of special circumstances that would justify consideration of a pretrial petition. Therefore, the Court will deny the request for appointment of counsel.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Petitioner's request that the Court edit his Petition (Dkt. 12) is DENIED. If Plaintiff intends to amend his Petition, he must do so himself.

4. Within 28 days after entry of this Order, Petitioner must file a supplement to the Petition, stating why Petitioner believes his Petition is not subject to dismissal as set forth above. If Petitioner does not file a supplement, or if the supplement does not plausibly allege special circumstances sufficient to warrant a pretrial writ, this case may be dismissed without further notice.

DATED: April 9, 2020

B. Lynn Winmill
U.S. District Court Judge